## IN THE UNITED STATES DISTRCT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN ROLAFF and HARLENE
ROLAFF, husband and wife, for
themselves and as representatives of
classes of similarly situated individuals,

Plaintiffs,

v.

Case No. CIV-19-689-R

FARMERS INSURANCE COMPANY,
INC., FARMERS INSURANCE
EXCHANGE; FIRE INSURANCE
EXCHANGE; TRUCK INSURANCE
EXCHANGE; FOREMOST
INSURANCE COMPANY; MID-
CENTURY INSURANCE CO.;
FARMERS GROUP, INC; FIRE
UNDERWRITERS ASSOCIATION;
DONAN ENGINEERING CO., INC;
ENGINEERING, INC.; FORD
ENGINEERING; THE STRUCTURES
GROUP, INC.; NELSON FORENSICS,
LLC; PT&C FORENSIC CONSULTING
SERVICES, P.A.; ENVISTA
FORENSICS, LLC; and RIMKUS
CONSULTING GROUP, INC.

Defendants.

## DEFENDANT NELSON FORENSICS, LLC'S ANSWER TO PLAINTIFFS' PETITION AND REQUEST FOR CLASS CERTIFICATION

Defendant Nelson Forensics, LLC., ("Nelson") a Texas Limited Liability

Company, answers Plaintiffs' Petition and Request for Class Certification as follows:

1. Admitted Plaintiffs have sued and are seeking damages on behalf of themselves and on behalf of others as alleged in Paragraph 1.

## I.     INTRODUCTION

2. Nelson denies the allegations of Paragraph 2 which are addressed at, or relate to Nelson, specifically Nelson denies that it engaged in a fraudulent scheme and conspiracy and denies that it drafted "shame and/or pretextual reports." The remaining allegations of Paragraph 2 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

3. Nelson denies the allegations of Paragraph 3 which are addressed at, or relate to Nelson, specifically Nelson denies the allegations in Paragraph 3(b). The remaining allegations of Paragraph 3 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

4. The allegations of Paragraph 4 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

5. The allegations of Paragraph 5 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

6. The allegations of Paragraph 6 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

7. The allegations of Paragraph 7 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

8. The allegations of Paragraph 8 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

9. Nelson denies the allegations of Paragraph 9 which are addressed at, or relate to Nelson, specifically Nelson denies that it created "sham" engineering reports and denies that it committed fraud. The remaining allegations of Paragraph 9 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

10. Nelson denies that it defrauded or intended to defraud Plaintiffs and putative "Class Members" and denies that it created "sham" reports. The remaining allegations of Paragraph 10 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

11. Nelson denies the allegations of Paragraph 11 which are addressed at, or relate to Nelson, specifically Nelson denies that it was biased or created "sham" engineering

reports.  The remaining allegations of Paragraph 11 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

## II.    PARTIES

### A.  Plaintiffs

12. Nelson admits that the Rolaff Plaintiffs are natural persons; Nelson is without sufficient knowledge, information, or belief to admit or deny the remaining allegations contained in Paragraph 12 and therefore denies the same.

### B.  The Farmers Defendants

13. The allegations of Paragraph 13 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

14. The allegations of Paragraph 14 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

15. The allegations of Paragraph 15 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

16. The allegations of Paragraph 16 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

17. The allegations of Paragraph 17 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

18. The allegations of Paragraph 18 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

19. The allegations of Paragraph 19 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

20. The allegations of Paragraph 20 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

21. The allegations of Paragraph 21 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

22. The allegations of Paragraph 22 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

**C. The Engineering Defendants**

23. Nelson admits that it provides forensic engineering services and has contracted with Farmers Insurance on one occasion to conduct a residential earthquake distress evaluation in Oklahoma in 2014, but denies the remaining allegations of Paragraph 23.

24. The allegations of Paragraph 24 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

25. The allegations of Paragraph 25 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

26. The allegations of Paragraph 26 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

27. The allegations of Paragraph 27 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

28. Nelson admits that it is a Texas Limited Liability Company with its principal place of business at 2740 Dallas Parkway, Ste. 220, Plano Texas 75093.  The remaining allegations of Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the same.

29. The allegations of Paragraph 29 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

30. The allegations of Paragraph 30 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

31. The allegations of Paragraph 31 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

### III.    JURSIDICTION AND VENUE

32. Nelson admits this Court has subject matter jurisdiction, including subject matter jurisdiction over RICO claims.  The remaining allegations of Paragraph 32 constitute legal conclusions to which no response is required.

33. The allegations of Paragraph 33 do not relate to Nelson and therefore no response is required.

34. The allegations of Paragraph 34 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

35. The allegations of Paragraph 35 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

36. Nelson admits that it provides forensic engineering services and has contracted on one occasion with Farmers Insurance to conduct a residential earthquake distress evaluation in Oklahoma.  Nelson denies that it conspired to commit RICO violations, denies that it violated the law, and denies the Plaintiffs have stated a claim upon which relief may be granted. The remaining allegations of Paragraph 36 either do not relate to Nelson and therefore no response is required, or constitute a legal conclusion to which no

response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

37. The allegations of Paragraph 37 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

38. Nelson is without sufficient knowledge, information, or belief to admit or deny the allegations of Paragraph 38 and therefore denies same.

## IV.    LEGAL FRAMEWORK

### A.  Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. §§1961-68

39. In response to Paragraph 39, Nelson admits that 18 USC §§1962(c) is recited accurately, but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

40. In response to Paragraph 40, Nelson admits that RICO includes definitions, but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

41. In response to Paragraph 41, Nelson admits that §1961(3) defines person, but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

42. In response to Paragraph 42, Nelson admits that §1961(4) defines entity as quoted by Plaintiffs, but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

43. In response to Paragraph 43, Nelson admits that RICO defines "racketeering activity", but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

44. In response to Paragraph 44, Nelson admits that RICO defines "pattern of racketeering activity", but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

45. In response to Paragraph 45, Nelson admits that RICO provides for treble damages, costs and attorney's fees, but denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated the law.

**B.  Earthquake Insurance in Oklahoma**

46. In response to Paragraph 46, Nelson admits that Plaintiffs have accurately cited John Doak's 2015 Earthquake Insurance Bulletin PC 2015-02.  Nelson denies Plaintiffs' conclusions and inferences drawn from such bulletin, denies that Plaintiffs have stated a claim upon which relief may be granted, and denies Nelson has violated the law.

47. Nelson is without sufficient knowledge, information, or belief to admit or deny the allegation in Paragraph 47 and therefore denies the same.

48. Nelson admits that many insurance policies generally exclude damage which occurs prior to or after the effective date of the policy, however Nelson is without sufficient knowledge, information, or belief to admit or deny the remaining allegations in Paragraph 48 and therefore denies the same.

49. In response to Paragraph 49, Nelson that admits Plaintiffs have accurately cited John Doak's 2015 Earthquake Insurance Bulletin PC 2015-02; Nelson denies Plaintiffs'

conclusions and inferences drawn from such bulletin, denies that Plaintiffs have stated a claim upon which relief may be granted, and denies Nelson has violated the law.

## V.    FACTUAL ALLEGATIONS

50. Nelson denies the allegations of Paragraph 50 which are addressed at, or relate to Nelson, specifically Nelson denies that it engaged in an unlawful agreement with the "Farmers Defendants" and denies that it created "sham" engineering reports "that falsely showed pre-existing conditions and arbitrarily ruled out a covered loss". The remaining allegations of Paragraph 50 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

### A. Facts Specific to Representative Plaintiffs

51. The allegations of Paragraph 51 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

52. The allegations of Paragraph 52 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

53. The allegations of Paragraph 53 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

54. The allegations of Paragraph 54 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

55. The allegations of Paragraph 55 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

56. The allegations of Paragraph 56 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

57. The allegations of Paragraph 57 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

58. The allegations of Paragraph 58 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

59. The allegations of Paragraph 59 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

60. The allegations of Paragraph 60 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

61. The allegations of Paragraph 61 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

62. The allegations of Paragraph 62 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

63. The allegations of Paragraph 63 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

64. The allegations of Paragraph 64 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

65. The allegations of Paragraph 65 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

66. The allegations of Paragraph 66 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

67. The allegations of Paragraph 67 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**B. Plaintiffs Are Farmers Defendants' Insureds under Policies of Insurance for Earthquake Coverage**

68. The allegations of Paragraph 68 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

69. The allegations of Paragraph 69 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

70. The allegations of Paragraph 70 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

71. The allegations of Paragraph 71 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

72. The allegations of Paragraph 72 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

73. The allegations of Paragraph 73 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**C. Farmers Defendants Entered the Oklahoma Earthquake Insurance Market in Search of Easy Profits**

74. The allegations of Paragraph 74 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

75. The allegations of Paragraph 75 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

76. The allegations of Paragraph 76 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**D. Farmers Defendants Developed an Exit Strategy that Abandoned its Insureds and Insulated it from Costly Payments to Them**

77. The allegations of Paragraph 77 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

78. The allegations of Paragraph 78 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

79. Nelson denies the allegations of Paragraph 79 which are addressed at, or relate to Nelson, specifically, Nelson denies that it created "sham" engineering reports.  The remaining allegations of Paragraph 79 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies the same.

**1. Farmers Defendants Denied Coverage without Required Pre-Coverage Inspections or Surveys**

80. The allegations of Paragraph 80 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

81. The allegations of Paragraph 81 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

82. The allegations of Paragraph 82 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**2. Farmers Defendants Entered into an Unlawful Agreement with the Engineering Defendants to Produce False Reports of Pre-Existing Damage**

83. The allegations of Paragraph 83 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

84. Nelson denies the allegations of Paragraph 84.

85. In response to Paragraph 85, Nelson denies that it breached any duties, denies that it committed fraud, denies that it created "sham" reports, and further denies any other allegations related to it; Nelson is without sufficient knowledge, information, or belief to admit or deny the allegations against the other "Engineering Defendants" and therefore denies same.

86. Nelson denies the allegations of Paragraph 86 in so far as it suggests Nelson created "sham" reports; the remaining allegations of Paragraph 86 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

87. The allegations of Paragraph 87 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

88. Nelson denies the allegations of Paragraph 88 in so far as it suggests Nelson created "sham" reports; the remaining allegations of Paragraph 88 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

89. Nelson denies the allegations of Paragraph 89 to the extent they relate to Nelson. Specifically, Nelson denies that bias affected any of its work; the remaining allegations of Paragraph 89 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

90. Nelson denies the allegations of Paragraph 90 to the extent they relate to Nelson. Specifically, Nelson denies that it created "sham reports." The remaining allegations of Paragraph 90 do not relate to Nelson and therefore no response is required.  To the extent

a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

91. Nelson denies the allegations of Paragraph 91 in so far as they suggest any wrongdoing on the part of Nelson. The remaining allegations of Paragraph 91 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

92. Nelson denies the allegations of Paragraph 92 in so far as they suggest any wrongdoing on the part of Nelson. The remaining allegations of Paragraph 92 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

93. The allegations of Paragraph 93 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

## VI. CLASS ACTION ALLEGATIONS

94. Nelson admits that Plaintiffs allege that they are bringing this action on behalf of themselves and others, but deny that class certification is appropriate.  Nelson further denies that Plaintiffs have stated a claim upon which relief can be granted.

### A.  Numerosity

95. Nelson is without sufficient knowledge, information, or belief to admit or deny the allegations in Paragraph 95 and therefore denies same.

96. The allegations in Paragraph 96 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

97. The allegations in Paragraph 97 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies that class certification is appropriate.

**B.  Commonality**

98. The allegations in Paragraph 98 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

**C. Typicality**

99. The allegations in Paragraph 99 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

**D. Adequacy**

100. The allegations in Paragraph 100 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

101. The allegations in Paragraph 101 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

**E. Superiority**

102. Nelson denies the factual allegations of Paragraph 102 in so far as they suggest any wrongdoing on the part of Nelson. The remaining allegations in Paragraph 102 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

103. Nelson denies that Plaintiff has stated a claim upon which relief can be granted and denies that it has violated the law.  The remaining allegations in Paragraph 103 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

104. Nelson denies that it has caused damages to the putative class members. Nelson is without sufficient knowledge, information, or belief to admit or deny the remaining allegations in Paragraph 104 and therefore denies the same.

105. The allegations in Paragraph 105 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

106. Nelson denies that it has caused damages to the putative class members. The remaining allegations in Paragraph 106 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

107. The allegations in Paragraph 107 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

108. The allegations in Paragraph 108 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

109. Nelson denies that it has caused damages to the putative class members. The remaining allegations in Paragraph 109 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

110. The allegations in Paragraph 110 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

111. The allegations in Paragraph 111 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

112. Nelson denies that it has caused damages to the putative class members. The remaining allegations in Paragraph 112 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

113. Nelson denies that Plaintiffs have stated a claim upon which relief may be granted and deny that Nelson has violated the law. The remaining allegations in Paragraph 113 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

114. The allegations in Paragraph 114 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

**F. Predominance**

115. To the extent Paragraph 115 alleges any wrongdoing on the part of Nelson, Nelson denies the same. The remaining allegations in Paragraph 115 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

116. To the extent Paragraph 116 alleges any wrongdoing on the part of Nelson, Nelson denies the same. The remaining allegations in Paragraph 116 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

**VII. FRAUDULENT CONCEALMENT**

117. The allegations of Paragraph 117 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

118. Nelson denies that it prepared "sham engineering reports…for the purpose of supporting denials." The remaining allegations of Paragraph 118 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

119. Nelson denies the allegations of Paragraph 119.

120. Nelson denies the allegations of Paragraph 120.

121. Nelson denies the allegations of Paragraph 121.

122. Nelson denies the allegations of Paragraph 122.

## VIII. MISCELLANEOUS

123. The allegations in Paragraph 123 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

124. The allegations in Paragraph 124 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

## IX. COUNTS

125. Nelson denies that Plaintiffs have stated a claim upon which relief may be granted and denies Nelson has violated any laws or duties as alleged.

**COUNT ONE**
**Violations of the Racketeer Influenced Corrupt Organization Act, 18 U.S.C.**
**§§1961-68 Against All Defendants**

126. In response to Paragraph 126, Nelson incorporates its answers to Paragraphs 1-125 set forth above.

**a.   The Common Elements of the RICO Act, 18 U.S.C. §§1961-68**

127. Nelson denies that Plaintiffs have stated a claim upon which relief may be granted and deny that Nelson has violated the law.   The remaining allegations in Paragraph 127 constitute legal conclusions to which no response is required.   To the extent a response is required, Nelson denies the allegations.

**ii. All Defendants are RICO "Persons"**

128. The allegations in Paragraph 128 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

**iii. The RICO Enterprise**

129. The allegations in Paragraph 129 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

130. Nelson denies the allegations of Paragraph 130.

131. Nelson admits that it is a separate legal entity from the other Defendants.  Nelson denies that it has engaged in "predicate acts constituting the pattern of racketeering activity" alleged.   The remaining allegations in Paragraph 131 constitute legal conclusions to which no response is required.   To the extent a response is required, Nelson denies the allegations.

132. Nelson denies that it has committed RICO violations.  The remaining allegations in Paragraph 132 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

**iv. All Defendants Are "Associated With" the RICO "Enterprise"**

133. Nelson denies that it was "employed by or associated with" a RICO enterprise and denies that it violated RICO. The remaining allegations in Paragraph 133 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

134. Nelson denies that it created sham engineering reports and denies that it contracted with the Farmers Defendants to produce shame engineering reports. The remaining allegations of Paragraph 134 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

135. Nelson denies the allegations of Paragraph 135.

**v. All RICO "Persons" are Distinct from the RICO "Enterprise"**

136. Nelson admits only that it is a separate legal entity from the other Defendants. Nelson denies the remaining allegation of Paragraph 136, and specifically denies that it engaged in any RICO enterprise and denies that it engaged in any racketeering activity.

**vi. The Defendants Engaged in Activities that Affect Interstate and Foreign Commerce**

137. Nelson denies the allegations of Paragraph 137.

138. Nelson denies that it created "sham and/or pretextual engineering reports." The remaining allegations of Paragraph 138 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

### vii. The Defendants Participated in the Conduct of the Enterprise's Affairs

139. Nelson denies the allegations of Paragraph 139.

140. Nelson denies that it created "sham engineering reports". The remaining allegations of Paragraph 140 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

141. Nelson denies the allegations of Paragraph 141.

### viii. A "Pattern of Racketeering Activity" Over an Extended Period with Threat of Repetition

142. The allegations in Paragraph 142 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

143. Nelson denies that it created "sham engineering reports". The remaining allegations of Paragraph 143 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

144. Nelson denies that it created "sham engineering reports". The remaining allegations of Paragraph 144 do not relate to Nelson and therefore no response is

required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

### ix. Defendants Used and Caused Fraudulent Mail and Wire Communications (18 U.S.C. §1341 and 18 U.S.C. §1343)

145. Nelson denies that it created "sham engineering reports" and denies that it committed fraudulent acts. The remaining allegations in Paragraph 145 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

146. The allegations in Paragraph 146 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

147. Nelson denies that it created "sham engineering reports".  The remaining allegations of Paragraph 147 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

148. Nelson denies that it created "sham and/or pretextual engineering reports".  The remaining allegations of Paragraph 148 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

### x. Intent and Scienter

149. Nelson denies the allegations of Paragraph 149.

150. The allegations of Paragraph 150 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

151. The allegations of Paragraph 151 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

152. The allegations of Paragraph 152 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

153. The allegations of Paragraph 153 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

154. Nelson denies the allegations against it contained in Paragraph 154.

### xi. Defendants' Conduct Has Proximately Caused Plaintiff's RICO Injury to Business or Property

155. Nelson denies that they are liable to Plaintiffs and deny that Plaintiffs have stated a claim upon which relief may be granted. The remaining allegations in Paragraph 155 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

156. The allegations in Paragraph 156 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

157. Nelson denies that it created "sham reports".  The remaining allegations in Paragraph 157 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations.

158. Nelson denies that it caused any injury to Plaintiffs or the putative Class Members. The remaining allegations of Paragraph 158 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

159. Nelson denies that it caused any injury to Plaintiffs or the putative Class Members. The remaining allegations of Paragraph 158 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**xii. Violation of 18 U.S.C. §§1961(5), 1962(c)**

160. The allegations in Paragraph 160 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

161. Nelson denies the allegations in Paragraph 161.

**xiii. Violation of 18 U.S.C. §1961(5), 1962(d)**

162. Nelson denies that it has participated in a conspiracy, including the conspiracy to engage in the conduct alleged in Count One. The remaining allegations in Paragraph 162 constitute legal conclusions to which no response is required. To the extent a response is required, Nelson denies the allegations.

163. Nelson denies the allegations in Paragraph 163.

164. Nelson denies the allegations in Paragraph 164.

165. Nelson denies the allegations in Paragraph 165.

166. Nelson denies the allegations in Paragraph 166.

**COUNT TWO**

**Bad Faith Against the Farmers Defendants**

167. In response to paragraph 167, Nelson incorporates its answers to Paragraphs 1-166 set forth above.

168. – 175. The allegations of Paragraphs 167-175 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**COUNT THREE**
**Fraud Against All Defendants**

176. In response to paragraph 176, Nelson incorporates its answers to Paragraphs 1-175 set forth above.

177. The first sentence of Paragraph 177 does not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson denies the same.  The remaining allegations of Paragraph 177 constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies that it has breached any legal obligations to Plaintiffs and putative Class Members.

178. Nelson denies that it created "sham engineering reports." The remaining allegations of Paragraph 178 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

179. The allegations of Paragraph 179 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

180. The allegations of Paragraph 180 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

181. The allegations of Paragraph 181 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

182. The allegations of Paragraph 182 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

183. The allegations of Paragraph 183 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

184. The allegations of Paragraph 184 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

185. Nelson denies that it created "sham engineering reports generated to support the pre-existing damage argument." The remaining allegations of Paragraph 185 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

186. Nelson denies that it engaged in fraud.  The remaining allegations of Paragraph 186 do not relate to Nelson and therefore no response is required.  To the extent a

response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

187. The allegations in Paragraph 187 and 187(b) constitute legal conclusions to which no response is required.  To the extent a response is required, Nelson denies the allegations. The allegations in Paragraph 187(a) do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

188. Nelson denies all allegations in Paragraphs 188, 188(a), and 188(c)(i)-(xii). The allegations in Paragraph 188(b) do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

189. Nelson denies the allegations in Paragraph 189.

190. Nelson denies the allegations in Paragraph 190.

191. Nelson denies the allegations in Paragraph 191.

192. Nelson denies the allegations in Paragraph 192.

193. Nelson denies the allegations in Paragraph 193.

194. The allegations in Paragraph 194 do not relate to Nelson and therefore no response is required. To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

**COUNT FOUR**
**Disgorgement/Unjust Enrichment Against the Farmers Defendants**

195. In response to paragraph 195, Nelson incorporates its answers to Paragraphs 1-194 set forth above.

196.– 208. The allegations of Paragraphs 196-208 do not relate to Nelson and therefore no response is required.  To the extent a response is required, Nelson is without sufficient knowledge, information, or belief to admit or deny and therefore denies same.

## X. PRAYER FOR RELIEF

In response to the Counts and paragraphs in Part X of Plaintiffs' Petition, Nelson denies that Plaintiffs and putative class members are entitled to any relief, and deny that Plaintiffs have stated a claim upon which relief may be granted.

Nelson further denies all allegations unless specifically admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Statute of Limitations

3. Plaintiffs have failed to plead fraud with particularity.

4. Nelson did not have a fraudulent purpose and did not act with any of other defendants for a fraudulent purpose.

5. No RICO enterprise exists.

6. Nelson did not engage in racketeering activity

7. Lack of standing

8. Plaintiffs were able to have property re-inspected if they chose to do so

9. Nelson reserves the right to assert that Plaintiffs' Petition is barred, in whole or in part, as a result of accord and satisfaction, comparative fault, any other matter constituting an avoidance or affirmative defense, as discovery should so indicate.

10. Nelson reserves the right to amend this Answer, to assert additional defenses, affirmative or otherwise, and to further plead, all as may be required upon completion of reasonable discovery.

WHEREFORE, Nelson Forensics, LLC respectfully requests that Plaintiffs' prayer for relief be denied, that this Court dismiss all claims against Nelson with prejudice, that judgment be granted in favor of Nelson, and that Nelson be granted its costs and attorney fees and all other proper relief.

Respectfully submitted,

FRANDEN | FARRIS | QUILLIN
  GOODNIGHT + ROBERTS


*/s/ Joseph R. Farris*                                    _
Joseph R. Farris, OBA #2835
Williams Center Tower II
2 West 2nd Street, Suite 900
Tulsa, Oklahoma  74103
Tel:   918/583-7129
Fax:  918/584-3814
***Attorneys for Defendant, Nelson Forensics, LLC***

## CERTIFICATE OF SERVICE

I certify that on the 11th day of November, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Carole L. Dulisse
cdulisse@marrlawfirm.com
J Revell Parrish
rparrish@whittenburragelaw.com
Jeffrey D. Marr
jeffdmarr@marrlawfirm.com
Michael Burrage
mburrage@whittenburragelaw.com
Reggie Whitten
Rwhitten@whittenburragelaw.com
Bradley Beskin
bbeskin@nixlaw.com
Chad E. Ihrig
cihrig@nixlaw.com
**Attorneys for Plaintiffs**

Jessica L Dickerson
Jessica.dickerson@mcafeetaft.com
Mary Quinn-Cooper
Maryquinn.cooper@mcafeetaft.com
Michael F. Smith
Michael.smith@mcafeetaft.com
Samanthia S. Marshall
Smanthia.marshall@mcafeetaft.com
William S. Leach
Bill.leach@mcafeetaft.com
**Attorneys for Farms Insurance Defendants**

*/s/ Joseph R. Farris*