**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN ROLAFF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-19-0689-J |
| ) | |
| FARMERS INSURANCE ) | |
| COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs, husband and wife John and Harlene Rolaff, filed this lawsuit in state court against several defendants who are either insurers (Farmers Defendants) or insurance service providers (Engineering Defendants)[1] assisting in the investigation and evaluation of insurance claims. Plaintiffs have alleged various claims against defendants on their behalf and that of a putative class. State Petition (Petition) [Doc. 1-1] at 37-58.[2] Defendants removed to this Court, *see* Notice of Removal [Doc. 1] at 1, and Engineering Defendants have filed motions to dismiss [Doc. Nos. 27, 39, 55, 66, 77, 78]. Having reviewed the parties' submissions, the Court finds the motions should be granted.

**I.   Background**

Plaintiffs held a dwelling insurance policy from Farmers Defendants, which included coverage for earthquake damage. Petition at 20. According to Plaintiffs, Farmers Defendants never inspected their dwelling prior to issuing the policy, nor did they inform Plaintiffs that their

---

[1] This group of defendants consists of Rimkus Consulting Group, Inc.; The Structures Group, Inc.; Ford Engineering, Inc.; PT&C Forensic Consulting Services, P.A.; Envista Forensics, LLC; Engineering, Inc.; and Donan Engineering Co., Inc.

[2] All pagination reflects this Court's CM/ECF page numbers.

home had pre-existing damage or that it failed to meet Defendants' underwriting requirements. *Id*. at 20-21.  In 2014, Oklahoma suffered a spate of earthquakes, including six in October and November that occurred within 20 miles of Plaintiffs' dwelling. *Id*. at 21-22.  Plaintiffs submitted claims for damages to Farmers Defendants just weeks after the October and November earthquakes. *Id*.  Farmers Defendants investigated and found Plaintiffs' dwelling was damaged but conducted a further investigation through Defendant Rimkus Consulting (one of the Engineering Defendants). *Id*.  Rimkus prepared a report that only discussed one of the six earthquakes. *Id*. at 22.  Rimkus also downgraded that earthquake—which had been classified as a 4.1 magnitude earthquake—to 3.8 magnitude. *Id*.  That earthquake was also the quake furthest from Plaintiffs' dwelling. *Id*.  Rimkus concluded the earthquake did not cause the damages to Plaintiffs' dwelling. *Id*. at 23.  Farmers Defendants denied Plaintiffs' claims in January of 2015 and the following lawsuit ensued.

## II.     Standard of Review

When considering whether claims should be dismissed under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the non-moving party. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).  To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  If Plaintiff seeks relief on claims that must be pled with particularity under Fed. R. Civ. P. 9(b), the Court must determine whether Plaintiff has satisfied that heightened pleading standard.

### III. <u>Analysis</u>

Plaintiffs assert claims against Engineering Defendants for fraud under Oklahoma law and claims arising under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*. Engineering Defendants raise several grounds for dismissal, but the Court will focus on Article III standing and Plaintiffs' failure to plead fraud and RICO violations with particularity.

#### A. *Standing*

To establish Article III standing, a plaintiff must show (1) they "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) the injury is fairly traceable to the defendant's actions; and (3) it is likely that the injury can be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing these elements. *See Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016).

In the class-action context, "named plaintiffs who represent a class must allege and show that they have been personally injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). When a representative plaintiff sues multiple defendants on behalf of a class, that representative must still have standing to pursue each claim against each defendant. *See James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001) (abrogated on other grounds) (a plaintiff must have standing to seek relief for all claims against all defendants); *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 769 n.6 (1st Cir. 2011); *Central Wesleyan Coll. V. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993); *see also* 1 NEWBURG ON CLASS ACTIONS § 2.5 (5th Ed.) ("In multidefendant class actions, the named plaintiffs must show that each defendant has harmed at least one of them.").

As an initial matter, Plaintiffs do not appear to challenge Defendants' argument that Plaintiffs lack individual standing to sue any Engineering Defendant but Rimkus. *See* Resp. to Mot. to Dismiss (Response) [Doc. No. 92] at 14-24. Defendants rightly point out that Plaintiffs do not make any allegations showing that any other Engineering Defendants played a role in the denial of Plaintiffs' insurance claims. Plaintiffs focus solely on their status as class representatives and seek to establish standing through that status. Therefore, to the extent Plaintiffs assert individual claims against any Engineering Defendants other than Defendant Rimkus, those claims are dismissed for lack of standing.

Plaintiffs' class claims against those Engineering Defendants fare no better. Contrary to Plaintiffs' arguments, they are required to establish standing against each Defendant. *See supra* at p.3. Plaintiffs cite two cases—*Doneslon v. United States ex. rel. Dep't of Interior*, 730 F. App'x 597 (10th Cir. 2018) and *Sosna v. Iowa*, 419 U.S. 393 (1975)—in support of their position, but neither case stands for the proposition that a class representative need not establish standing regarding each defendant. *Donelson* states that a class representative must establish standing for each claim. *Donelson*, 730 F. App'x at 601. Plaintiffs intuit that by referencing "claim," the Tenth Circuit is rejecting a requirement that a plaintiff must establish standing against each defendant. This is both logically and legally unsound. First, *Donelson* was addressing a situation where *one* federal agency performed several actions, each of which gave rise to a claim. *Id*. at 602. The Tenth Circuit was not addressing a multidefendant situation. Second, when a plaintiff asserts a claim under one legal theory against multiple defendants, courts do not treat that as one "claim." They are multiple claims with a common legal theory. Any other approach is nonsensical.

Plaintiffs' reliance on *Sosna* is likewise misplaced. *Sosna* says nothing about multidefendant situations. And although Plaintiffs characterize *Sosna* as standing for the

4

proposition that the standing inquiry is complete when "representative plaintiffs establish individual standing to assert their claims against a single named defendant," that characterization is misleading at best and a knowing misstatement at worst. *Sosna* dealt with a suit against two defendants, both of which played a role in the claimed injury. *Sosna*, 419 U.S. at 395-96. Moreover, the specific portions Plaintiffs cite only provide the threshold and well-established principle that a class representative must establish standing. *Id*. at 402-03.[3] Thus, *Sosna* does not relieve Plaintiffs of the responsibility of establishing standing regarding their claims against each Defendant.

Plaintiffs also argue that they have standing under the juridical link doctrine. The juridical link doctrine was introduced by the Ninth Circuit Court of Appeals in *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973). In *La Mar*, a plaintiff sued multiple defendants on behalf of a putative class. *Id*. at 463. The district court dismissed many of the defendants because the plaintiff had not been injured by them. *Id*. In affirming the district court, the Ninth Circuit assumed that the plaintiff had standing but found that the plaintiff could not adequately represent the interests of the class. *Id*. at 464-66. The Circuit qualified its decision on the representation issue by noting that it did not

> embrace situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury. Nor is it intended to apply in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious.

*Id*. at 466.

---

[3] Plaintiffs have asserted several arguments in their Response that rely on misstatements of facts and misapprehensions of law. Such conduct is unacceptable and will not be tolerated in future filings. If Plaintiffs opt to amend their pleadings, they are cautioned that future misstatements will not be assumed to be mere mistakes, but overt attempts to mislead the Court.

Although *La Mar*, by its terms, did not relate to standing, some courts have applied it in that situation. At the circuit level, however, only the Seventh Circuit has applied the doctrine in the standing context. *See Payton v. Cnty. of Kane*, 308 F.3d 673, 679-80 (7th Cir. 2002). And in *Payton*, the Circuit found that the plaintiffs had standing to sue several counties which had not injured them only because their injury stemmed from a single state statute requiring all counties to act in the same manner. *Id*.

The Tenth Circuit does not appear to have addressed the doctrine, and none of the district courts in the Tenth Circuit that have considered the doctrine have adopted Plaintiffs' position. Neither *Payton* nor any of the other authorities Plaintiffs cite persuade this Court to adopt the juridical link doctrine and undermine the threshold Constitutional requirement of standing. As such, Plaintiffs are required to establish standing against each Defendant. They have not done so regarding any Engineering Defendant other than Defendant Rimkus.[4] Because Plaintiffs have no standing to assert any claims against The Structures Group, Inc., Ford Engineering, Inc., PT&C Forensic Consulting Services, P.A., Envista Forensics, LLC, Engineering, Inc., and Donan Engineering Co., Inc., the claims against those Defendants are dismissed.

### B. Claims Against Rimkus Consulting

Plaintiffs allege both fraud and RICO claims against Defendant Rimkus in connection with its investigation and report regarding Plaintiffs' insurance claim. *See* Petition at 45, 51. Neither claim is pled with the particularity required by Fed. R. Civ. P. 9(b).

As both claims are premised on fraud, *see* Petition at 45, 51, they must be pled with particularity. *See* Fed. R. Civ. P. 9(b). Pleading with particularity means that a plaintiff must

---

[4] Apparently recognizing their lack of standing, Plaintiffs seek additional time for jurisdictional discovery. [Doc. No. 91]. Plaintiffs offer no reason to think that any such discovery will uncover facts that the Engineering Defendants—other than Rimkus—played any role in the denial of their claim. The Court therefore does not find any reason to allow such discovery.

allege the "time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indust., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)). Rule 9(b)'s requirements also apply when alleging fraud in the context of a RICO claim. *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989). While there are many deficiencies in the pleadings, the Court finds the Petition fails to meet the particularity requirements in one key respect: none of the allegations show Plaintiffs received the fraudulent statements. The Petition discusses Rimkus' investigation and report, but never actually states Plaintiffs received it. Plaintiffs attempt to backfill that allegation in their Response by stating that "Rimkus produced that report and sent it to the Farmers Defendants, who sent that report to Plaintiffs when denying their claim for coverage." Response at 42. Plaintiffs then cite to paragraph 63 of the Petition. But paragraph 63 only states that the Farmers Defendants denied Plaintiffs' claim. Petition at 23. It makes no mention of Rimkus' report. Plaintiffs cannot retroactively alter the allegations in the Petition through their Response.[5] Thus, the Petition is deficient regarding the fraud and RICO claims.[6]

### IV. Conclusion

Plaintiffs' Petition fails to establish standing against The Structures Group, Inc., Ford Engineering, Inc., PT&C Forensic Consulting Services, P.A., Envista Forensics, LLC,

---

[5] Again, the Court is unsure whether Plaintiffs are simply misstating the record and betting on the Court's credulity or are simply committing these egregious mistakes innocently. In any event, counsel should take care to avoid such actions in the future.

[6] Nor do Plaintiffs' general fraud allegations satisfy Rule 9(b). They lack any sort of detail that could be construed as a viable fraud claim. The Court will allow amendment, but Plaintiffs are cautioned that such general allegations will be ignored. Plaintiffs should allege all fraud and RICO claims in elaborate detail, including specific dates. Plaintiffs should take extra care in pleading the predicate acts required under RICO.

Engineering, Inc., and Donan Engineering Co., Inc., therefore those Defendants' motions to dismiss [Doc. Nos. 39, 55, 66, 77, 78] are GRANTED and the claims against those Defendants are DISMISSED.  Plaintiffs' Petition also fails to allege fraud and RICO claims against Defendant Rimkus Consulting Group with particularity, therefore Defendant Rimkus' motion to dismiss [Doc. No. 27] is GRANTED and Plaintiffs' claims against it are also DISMISSED.  Plaintiffs' motion for jurisdictional discovery [Doc. No. 91] is also DENIED.  Plaintiff may file an amended complaint within 14 days of the date of this order.

IT IS SO ORDERED this 19th day of March, 2020.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE