IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN ROLAFF and HARLENE ROLAFF,<br>husband and wife, for themselves and as<br>representatives of classes of similarly<br>situated individuals, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-00689-J |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) | |
| FARMERS INSURANCE EXCHANGE; | ) | |
| FIRE INSURANCE EXCHANGE; | ) | |
| TRUCK INSURANCE EXCHANGE; | ) | |
| FOREMOST INSURANCE COMPANY; | ) | |
| MID-CENTURY INSURANCE CO.; | ) | |
| FARMERS GROUP, INC.; | ) | |
| FIRE UNDERWRITERS ASSOCIATION; | ) | |
| DONAN ENGINEEERING CO., INC.; | ) | |
| ENGINEERING, INC.; | ) | |
| FORD ENGINEERING; | ) | |
| THE STRUCTURES GROUP, INC.; | ) | |
| NELSON FORENSICS, LLC; | ) | |
| PT&C FORENSIC CONSULTING | ) | |
| SERVICES, P.A.; | ) | |
| ENVISTA FORENSICS, LLC; and | ) | |
| RIMKUS CONSULTING ROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
SUMMARY JUDGMENT, AND OPENING BRIEF IN SUPPORT**

Pursuant to Local Rule LCvR 56.1(a), Defendants Farmers Insurance Company,

Inc., Farmers Insurance Exchange, Fire Insurance Exchange, Truck Insurance Exchange,

Foremost Insurance Company, Mid-Century Insurance Co., Farmers Group, Inc., and Fire

Underwriters Association (the Farmers Defendants) respectfully request leave to file a

Motion for Partial Summary Judgment, *see* Exhibit 1, to address a purely legal question while maintaining their right to file a full motion for summary judgment upon the substantial completion of discovery.[1] In support of this motion the Farmers Defendants show this Court as follows:

1.      This Court's local rules require that parties seeking to file more than one motion for summary judgment request leave from the Court to do so. *See* LCvR 56.1(a). Whether leave to file multiple motions for summary judgment lies within this Court's discretion. *See*, *e.g.*, *Henderson v. Corr. Corp. of Am.*, CIV-17-48-F, 2018 WL 1123878, at *1 (W.D. Okla. Mar. 1, 2018). Successive summary judgment motions are approved by the Tenth Circuit Court of Appeals. *Smallwood v. Oklahoma Dep't of Human Servs.*, CIV-04-671-T, 2005 WL 8157759, at *1 (W.D. Okla. Dec. 30, 2005) (explaining that the Tenth Circuit "has also found no error in allowing a second motion for summary judgment after a prior motion has been denied." (citing *Sharper Edge, Inc. v. Continental Ins. Co.*, 1999 WL 281351, at *2 (10th Cir. 1999) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), cert. denied, 444 U.S. 856 (1979)).

2.      Plaintiffs allege the Farmers Defendants engaged in fraudulent schemes and conspiracy with the engineering defendants to avoid paying Plaintiffs' claims for property damage allegedly caused by earthquakes. Specifically, Plaintiffs allege that the engineering defendants drafted sham or pre-textual reports which improperly concluded

---

[1] On the afternoon of March 23, 2020, two business days after this Court's March 19, 2020 Order, Doc. No 116, granting motions to dismiss by certain engineering defendants, Plaintiffs' counsel proposed dismissing this case without prejudice. Counsel for the Farmers Defendants' are evaluating the ramifications of a stipulated dismissal and will respond after conferring with their clients.

2

that Plaintiffs' property damage was "pre-existing damage" which enabled the Farmers Defendants to deny otherwise valid property damage claims. Based on these allegations, Plaintiffs assert causes of action against Defendants for (1) violations of RICO, (2) breach of the duty of good faith and fair dealing, (3) fraud, and (4) unjust enrichment, and seek to represent a class of similarly situated plaintiffs.

3.      Plaintiffs' claim was denied because "the damage to the foundation around the front porch and in the area of the front of the house is due to the presence of tree roots, the damage to the rear portion of the home is due to settling/earth movement, water damage and wet/dry rot." *See* Ex. 1, B. Bettes Ltr. to John and Harlene Rolaff at p. 1 (Jan. 2, 2015). In other words, the denial of Plaintiffs' claim was based on the fact that the damages observed at Plaintiffs' home were not caused by an earthquake or other cause of loss covered under the insurance policy.

4.      However, Plaintiffs allege that their claim for damages allegedly caused by earthquakes was denied "on the basis of pre-existing damage. However, those denials (in whole or in part) were not supported by legally-required prior inspection or survey, which must have been conducted prior to the inception of coverage under Oklahoma insurance law. Without that prior inspection or survey, any denial on the basis of pre-existing condition was wrongful and unlawful." *See* Complaint at ¶ 3(a), Doc. No. 1-1 at pp. 4-5.

5.      Plaintiffs do not identify any case law or Oklahoma statutes in support of their contention pre-inception and pre-loss inspections or surveys are "legally required … under Oklahoma insurance law." *Id.* Defendants have found no such legal authority.

3

6.      Plaintiffs instead base the pre-inception and pre-loss inspection requirement

on a 2015 Earthquake Insurance Bulletin issued by former Oklahoma Insurance

Commissioner John D. Doak which provided, in pertinent part:

> Earthquake policies exclude coverage of property damages which occurs
> prior to the effective date of the policy and after termination of the
> policy.… To help protect themselves from fraudulent claims, insurers have
> a right to inspect the property as often as required to ascertain the condition
> of the property.

*   *   *   *

> If an insurer intends to deny a claim, asserting pre-existing damage, I
> expect that the insurer has inspected the property prior to inception of the
> coverage and maintained reasonably current information as to the condition
> of the insured property, prior to loss.

*See* Complaint at ¶ 49, Doc. No. 1-1 at p. 18 (quoting Earthquake Insurance Bulletin No.

PC 2015-05 (March 3, 2015) (typos omitted)).

7.      It is Plaintiffs' position that Defendants were obligated to comply with the

Earthquake Insurance Bulletin, and that Defendants can somehow be liable to

policyholders for earthquake damages claims simply due to the absence of a pre-

inception and pre-loss property inspection based on the Earthquake Insurance Bulletin,

regardless of the fact that the denial is based on causation or some basis under the policy

of insurance by which coverage for damage would be foreclosed.

8.      However, the Earthquake Insurance Bulletin concerns inspections for, and

denials based upon, pre-existing earthquake damage. The Earthquake Insurance Bulletin

did not purport to, and cannot change the terms of the policy to extend coverage for

losses which would otherwise be excluded based on policy exclusions such as soil settlement, or negligent maintenance, for example.

9.     The fact that pre-existing damage existed prior to inception of an insurance policy does not preclude an insurer from denying coverage under an earthquake endorsement based on causation or because the property damage was excluded by policy provisions.

10.     None of this deters Plaintiffs from claiming the Earthquake Insurance Bulletin is a statement of Oklahoma law in support of the statements and representations Plaintiffs and their counsel have made to this court and witnesses.

11.     However, the Earthquake Insurance Bulletin is not the law of Oklahoma as the Oklahoma Insurance Commissioner (Commissioner) is not a legislative actor. Okla. Const, art. 6 §§ 22-23; Okla. Stat. tit. 36, § 307 (1991). Further, the Commissioner's authority to create rules and regulations is limited to the duty of implementing the Oklahoma Insurance Code. 36 § 307.1. Finally, a bulletin is not a rule or regulation. 36 § 307; *see also Charles A. Shadid, L.L.C. v. Aspen Specialty Ins. Co*., CIV-15-595-D, 2018 WL 3420816, at *5 (W.D. Okla. July 13, 2018) (holding that statements made in the Commissioner's bulletin were properly excluded from evidence because "the limited probative value of the bulletin would be substantially outweighed by a danger that the jury would give undue weight to a statement by the Oklahoma Insurance Commissioner in a different context").

12.     The question of the legal effect of the Commissioner's bulletin on which Plaintiffs rely in this case and other cases Plaintiffs' counsel are pursuing against some of

the Farmers Defendants is a pure legal question that is appropriate for summary adjudication without the need for protracted and burdensome factual discovery.

13.    While the Farmers Defendants anticipate the entire case will be subject to disposition by summary judgment, such a motion for summary judgment will only be possible upon the substantial completion of discovery.

14.    Allowing the Farmers Defendants to raise this pure question of law in a motion for partial summary judgment would help streamline this litigation and potentially the scope of discovery going forward. Leave should be granted because the motion for partial summary judgment would help "narrow the issues for trial." *See Ferrell v. BGF Glob., LLC*, CIV-15-404-D, 2017 WL 10379585, at *1 (W.D. Okla. Aug. 9, 2017) (citing *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir. 1988) (noting that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

15.    Thus, the Farmers Defendants respectfully request this Court grant them leave to file the attached Motion for Partial Summary Judgment and Opening Brief in Support so this Court can address the legal effect of the Earthquake Insurance Bulletin in Oklahoma. A proposed order granting this motion is being submitted contemporaneously herewith for this Court's convenience.

Respectfully Submitted,

/s/ *William S. Leach*

MARY QUINN COOPER, OBA #11966
WILLIAM S. LEACH, OBA #14892
MICHAEL F. SMITH, OBA #14815
JESSICA DICKERSON, OBA #21500
SAMANTHIA S. MARSHALL, OBA #22640
McAfee & Taft, a Professional Corporation
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:     (918) 587-0000
Facsimile:     (918) 599-9317

*Attorneys for Defendants*
*Farmers Insurance Company, Inc.*
*Farmers Insurance Exchange*
*Fire Insurance Exchange*
*Truck Insurance Exchange*
*Foremost Insurance Company*
*Mid-Century Insurance Co.*
*Farmers Group, Inc. and*
*Fire Underwriters Association*

## CERTIFICATE  OF SERVICE

I hereby certify that on the 31st day of March, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Jeff D. Marr<br>Carole Dulisse<br>Marr Law Firm<br>4301 SW Third Street, Suite 110<br>Oklahoma City OK  73108<br>***Attorneys for Plaintiffs*** | Reggie N. Whitten<br>Michael Burrage<br>J. Revell Parrish<br>Whitten Burrage<br>512 N. Broadway Avenue,  Suite 300<br>Oklahoma City OK  73102<br>***Attorneys for Plaintiffs*** |
| Bradley W. Beskin<br>Nix Patterson, LLP<br>3600 N. Capital of Texas Highway, Suite 350B<br>Austin, TX 78746<br>***Attorneys for Plaintiffs*** | A. Scott McDaniel<br>Kelly M. Hunt<br>McDaniel Acord & Lytle, PLLC<br>9343 E. 95th Court<br>Tulsa, Oklahoma 74133<br>***Attorneys for Defendant Ford Engineering, Inc.*** |
| Michael C. Felty<br>Matthew K. Felty<br>Lytle, Soule & Felty, P.C.<br>1200 Robinson Renaissance<br>119 N. Robinson, Suite 1200<br>Oklahoma City, OK 73102<br>***Attorney for Defendant Rimkus Consulting Group, Inc.*** | Mark R. McPhail<br>Michael P. Whaley<br>Hartzog Conger Cason, LLP<br>201 Robert S. Kerr Ave., Suite 1600<br>Oklahoma City, OK 73102<br>***Attorneys for Defendant PT&C Forensic Consulting Services and Envista Forensics, LLC*** |
| William W. Speed<br>Braly, Graly, Speed & Morris<br>201 W. 14th Street<br>Ada, Oklahoma 74820<br>***Attorney for Defendant Donan Engineering Co., Inc.*** | Elizabeth R. Sharrock<br>Pierce Couch Hendrickson Baysinger & Green, LLP<br>1109 N. Francis<br>Oklahoma City, Oklahoma 73106<br>***Attorney for The Structures Group, Inc.*** |
| M. Brandon Waddell<br>Vincent Serafino Geary Waddell Jenevein, P.C.<br>1601 Elm Street, Suite 4100<br>Dallas, Texas 75201<br>***Attorney for Defendant Donan Engineering Co., Inc.*** | Joseph R. Farris<br>Jill Walker-Abdoveis<br>Franden, Farris, Quillin, Goodnight & Roberts<br>2 West 2nd Street, Suite 900<br>Tulsa, Oklahoma 74103<br>***Attorney for Defendant Nelson Forensics, LLC*** |

| David A. Ward, Jr. Ward Law Firm 10077 Grogan's Mill Rd., Suite 540 The Woodlands, Texas 77380 ***Attorney for Defendant Rimkus Consulting Group, Inc.*** | |

/s/ William S. Leach